IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
JERRY WAYNE SMITH,              )
                                )
                Plaintiff,      )    CIVIL ACTION
                                )
v.                              )    No.  05-3447-MLB
                                )
DAVID R. McKUNE, et al.,        )
                                )
                Defendants.     )
                                )
```

## MEMORANDUM AND ORDER

Before the court are the following:

1. Plaintiff's Motion to Vacate this court's order of April 25, 2006 dismissing his complaint (Doc. 29);

2. Plaintiff's Motion to Amend his complaint (Doc. 30); and

3. Defendants' response (Doc. 32).

Plaintiff contended in his initial complaint that defendants violated his constitutional rights and committed negligence and gross negligence by failing to "convert" his state prison sentences. The record shows that these claims previously have been before this court, albeit in a different context.

### Background

On February 21, 2002, while incarcerated in a state facility, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Smith v. Rohling, Case No. 02-3045). In his petition, plaintiff made reference to a "Motion to Convert Sentence Pursuant to K.S.A. 1993 Supp. 22-3717(F); D.C. of Wichita, KS. 01-C-3197; motion denied 12-11-01 - Judge Paul W. Clark." In a twenty-four page

memorandum accompanying the petition (not including exhibits), plaintiff recounted at least a part of his long criminal history as well as his efforts –unsuccessful up to that time– to obtain a "conversion" of his sentences. According to plaintiff, he had already served the three year term of "conversion" and was therefore entitled to immediate release.

Plaintiff's petition was referred to a U.S. magistrate judge for a report and recommendation. As soon as he learned of the reference, plaintiff wrote to the magistrate judge and asked that she shorten defendants' response time from 20 to 7 days and set a prompt evidentiary hearing within 10 days after the response was filed (Doc 4, Case No. 02-3045).

Plaintiff received prompt action from the magistrate judge, but not the relief he sought. In a report and recommendation filed April 16, 2002, the magistrate judge pointed out that plaintiff's petition violated Rule 2(c) of the rules governing § 2244 cases because he already had a case pending in the district (Smith v. U.S. Board of Parole, Case No. 01-3442). The magistrate judge recommended that plaintiff's petition be denied (Doc. 8). Plaintiff unsuccessfully objected to the report and recommendation (Doc. 10). Then, in an order filed November 27, 2002, Judge Sam A. Crow of this court dismissed plaintiff's motion noting:

> Petitioner himself characterizes his claim as "only challenging to have his state indeterminate sentences to be converted to a three year determinate sentence by Kansas law." However, it is settled that federal habeas corpus relief is not available to correct errors of state law. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Petitioner's request

-2-

> concerns the proper application of state sentencing law, and thus, he does not state a claim for federal habeas corpus relief.

(Doc. 12). Plaintiff sought a rehearing of Judge Crow's order (Doc. 14) which Judge Crow denied in an order filed August 13, 2003 (Doc. 18). Plaintiff did not appeal Judge Crow's order.

In the meantime, plaintiff was appealing Judge Clark's ruling. In a memorandum opinion filed December 19, 2003, the Kansas Court of Appeals reversed Judge Clark and remanded the matter for an evidentiary hearing. Following remand, in an order dated April 13, 2004, Judge Clark directed that plaintiff's sentences be converted to 36 months. On April 15, 2004, the Kansas Parole Board issued an order terminating plaintiff's post-relief supervision and restored his civil rights, presumably in compliance with Judge Clark's order.

## The Present Action

Plaintiff filed this action on November 25, 2005. He alleged in substance that defendants' failure to convert his sentences was a denial of his constitutional rights and, in addition, constituted negligence and gross negligence. A <u>Martinez</u> report was ordered (Doc. 3) and was filed on December 16, 2005 (Doc. 8). Thereafter, on February 7, 2006, defendants McKune, Cummings and Simmons filed a motion to dismiss or for more definite statement (Doc. 16). Counsel for defendants Cooling and Arnold entered his appearance on March 1, 2006 (Doc. 22) and moved to adopt the motion to dismiss or for more definite statement previously filed on behalf of the other defendants (Doc. 24).

On April 4, 2006, when the court noted that plaintiff had not responded in a timely fashion to defendants' motions to dismiss or for

more definite statement, it issued an order granting plaintiff until April 19, 2006 to file a proper response. The court advised plaintiff that if no response was forthcoming, the court would consider and decide defendants' motion as uncontested pursuant to this court's Rule 7.4 (Doc. 27). When no response was filed, the court issued its April 25, 2006 order dismissing the case, with prejudice, pursuant to the local rule (Doc. 28). Regrettably, however, no separate document reflecting the judgment was filed in accordance with Fed. R. Civ. P. 58.

### Plaintiff's Motions

Plaintiff filed his motion to vacate on May 8, 2006, contending that he did not receive this court's April 4 order and asking the court to set aside its order of dismissal. In addition, plaintiff moved to amend his complaint (Doc. 30). Plaintiff, who has filed several actions in this court[1] as well as in state court, noted: "Because Defendants have not yet filed a formal answer to Smith's complaint with the court, Federal Rules of Civil Procedure does not require Smith to seek permission from the district court to amend his complaint."

### Defendants' Response

Defendants oppose both plaintiff's motion to vacate and to amend. They correctly point out that relief under Rule 60(b) is extraordinary

---

[1] 84-cv-03283-DES Smith v. Maschner, filed 12/13/84, closed 09/05/96; 01-cv-03442-RDR Smith v. USA, et al., filed 11/06/01, closed 11/25/02; 01-cv-03472-GTV Smith, et al v. Simmons, et al filed 12/04/01, closed 06/19/02; 02-cv-03045-SAC Smith v. Rohling, et al., filed 02/21/02, closed 11/27/02; and 05-cv-03447-MLB Smith v. McKune et al., filed 11/25/05, closed 04/25/06.

and may be granted only in exceptional circumstances and that the court's decision to vacate a judgment is almost entirely up to the discretion of the trial court. They also point out that plaintiff's only stated reason for failing to respond to the court's April 4, 2006 order is that he did not receive the order. According to plaintiff, ". . . since his move to his current address, approximately five months ago, Smith's receipt of mail has been irregular for reasons unknown to Smith." Defendants assert that this reason does not justify a finding of excusable neglect under Rule 60(b)(6).[2] Defendants also oppose plaintiff's motion to amend in reliance on <u>The Tool Box, Inc. v. Ogden City Corp.</u>, 419 F.3d 1084, 1087 (10th Cir. 2005) (Fed. R. Civ. P. 15(a) does not apply after judgment has been entered and a case has been dismissed).

## Discussion

But for the court's error in not filing a separate judgment document reflecting its order of dismissal, defendants' arguments would be persuasive and they would prevail. However, because of the court's mistake, a valid judgment was not entered and therefore the rule in <u>The Tool Box</u> does not apply. However, the court nonetheless declines to grant plaintiff's motion to amend because the proposed amended complaint clearly does not comply with Fed. R. Civ. P. 8. The proposed amended complaint, which is 40 pages long (not including

---

[2] The court agrees and will not accept any future such excuses from plaintiff. Plaintiff is no longer an inmate and cannot fall back on the excuse that prison officials failed to send or deliver his "legal mail." This is plaintiff's case and if he is having problems with mail delivery, it is his responsibility to correct the problem, as well as to keep the court and the parties advised of his current address.

exhibits) adds numerous claims and parties totally unrelated to the claims and parties in the original complaint. Plaintiff offers no explanation for his failure to raise the claims or name the parties in the original complaint. Plaintiff's pro se status does not relieve him of his obligation to comply with this requirement, <u>Whayne v. State of Kansas</u>, 980 F. Supp. 387, 399 (D. Kan. 1997), nor does the rule of liberal construction excuse his compliance with procedural requirements. <u>United States v. Ceballos-Martinez</u>, 387 F.3d 1140, 1145 (10th Cir. 2004). The rule of liberal construction is flexible and especially so when the pro se litigant is a "frequent filer." In this case, plaintiff has demonstrated his knowledge and sought to take advantage of one aspect of Fed. R. Civ. P. 8; therefore he cannot rely on the rule of liberal construction to excuse his compliance with other portions of the rule.

## Orders

Accordingly, plaintiff's motion to set aside the court's April 25 order of dismissal (Doc. 28) is sustained. Plaintiff's motion for leave to amend is denied, without prejudice, subject to plaintiff's submission of a proposed amended complaint which is fully compliant with Fed. R. Civ. P. 8 and pertinent case authority interpreting that rule. The proposed amended complaint shall be submitted no later than November 10, 2006. Defendants may respond in opposition to the proposed amended complaint and plaintiff may reply in accordance with the rules. If the court permits the filing of the amended complaint, the case will go forward. If plaintiff does not pursue the filing of an amended complaint or if the court denies the motion to file the amended complaint, defendants may file an answer and/or renew their

motion to dismiss the original complaint.  Finally, no later than November 10, 2006, plaintiff shall submit a new, verified application for leave to proceed in forma pauperis.  Plaintiff is admonished that failure to comply with the orders herein (or any other orders) will result in the imposition of sanctions which may include dismissal of this case.  Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002).

IT IS SO ORDERED.

Dated this    19th    day of October 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE