IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JERRY WAYNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  05-3447-MLB |
| | ) | |
| DAVID R. McKUNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

The historical background of this case is set forth in this court's Memorandum and Order of October 20, 2006 (Doc. 33) and Order of February 13, 2007 (Doc. 48).  In the latter order, the court reluctantly allowed the filing of plaintiff's "Amended Complaint and/or More Definite Statement" and gave defendants leave to file a motion for more definite statement.  Defendants did so on February 14, 2007 (Doc. 49).  Defendants' motion was served on plaintiff at an address in Hopkins, Minnesota which plaintiff was using as late as December 11, 2006 (Doc. 35).   When the court sent its February 13, 2007 order to plaintiff at the Hopkins, Minnesota address, the envelope was returned marked "Moved Left No Address Unable to Forward (Doc. 50).  Plaintiff was not a prisoner at the time he filed his many previous submissions in this case.

As the court pointed out in its Memorandum and Order of October 20, 2006, plaintiff is no stranger to the judicial system.  He has filed at least four cases in this court.  Like any other litigant, plaintiff has an obligation to keep this court and opposing counsel apprised of his whereabouts.  It is not this court's job to track down

a party in order to make sure that he receives correspondence from the court.

The court has reviewed plaintiff's amended complaint and defendants' motion for more definite statement. The motion is well taken and plaintiff has not responded to it. Under this court's Rule 7.4, plaintiff's failure to respond to the motion for more definite statement would result in the motion being considered and decided as uncontested and ordinarily it would be granted without further notice. But there is little point in issuing an order granting the motion when plaintiff has failed to keep the court apprised of his address.

This case was filed in November 2005. The court has been indulgent of plaintiff's pro se status and has overlooked his failures to comply with the rules and his attempts to excuse his noncompliance with claims such as his "printer quit working." At some point, the liberal treatment which the appellate courts require district courts to afford pro se parties must give way to fairness to defendants who are required to expend time and resources to respond to the submissions of a pro se plaintiff. Such is the case here.

Accordingly, this case is dismissed.   IT IS SO ORDERED.

Dated this   29th   day of March 2007, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE

-2-