IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JERRY WAYNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  05-3447-MLB |
| | ) | |
| DAVID R. McKUNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the court are:

1. Defendants' motion for a more definite statement (Doc. 49);

2. Plaintiff's response (Doc. 58); and

3. Defendants' reply (Doc. 59).

Defendants moved for a more definite statement on the basis that plaintiff has failed to identify acts committed by specific defendants, failed to identify which litigation plaintiff has been involved in and failed to allege which statutory provisions are applicable to the prison. (Doc. 49). Plaintiff responds that all defendants are responsible for the actions in each claim and that his complaint has properly addressed the remaining concerns.

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A motions for a more definite statement is generally disfavored in light of liberal discovery available under the federal rules and is granted only when a party is unable to determine the issues requiring a response. Resolution Trust Corp. v. Thomas, 837 F. Supp. 354, 355 (D.

Kan. 1993).

After reviewing the amended complaint, the court cannot conclude that it is "so vague or ambiguous" that defendants "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Additional detail with respect to plaintiff's claims should be elicited through the discovery process. The case is assigned to Chief United States Magistrate Judge Karen M. Humphreys for handling or for further assignment to another United States Magistrate Judge.

Defendants' motion for a more definite statement is denied. (Doc. 49). Defendants must file a response to plaintiff's amended complaint by June 25, 2007.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  18th  </u> day of June 2007, at Wichita, Kansas.

                                              <u>s/ Monti Belot                    </u>
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE