```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS

JERRY WAYNE SMITH,              )
                                )
                  Plaintiff,    )    CIVIL ACTION
                                )
v.                              )    No.  05-3447-MLB
                                )
DAVID R. McKUNE, et al.,        )
                                )
                  Defendants.   )
                                )
```

## MEMORANDUM AND ORDER

Before the court are the following:

1. Chief U.S. Magistrate Judge Karen Humphreys' Report and Recommendation (Doc. 70); and

2. Plaintiff's response/objections to the Report and Recommendation (Doc. 85).

Almost one year ago this court denied, but without prejudice, plaintiff's motion for leave to file what would have amounted to a first amended complaint (Order of October 20, 2006 (Doc. 33)). The court allowed plaintiff to file what amounted to a proposed second amended complaint no later than November 10, 2006. For reasons which are unnecessary to detail here, the proposed second amended complaint was not filed until December 11, 2006 (Doc. 36). On the same day, plaintiff filed his objections to the court's order of October 20 (Docs. 37 and 38), arguing, in substance, that the court erred by not allowing the proposed first amended complaint to be filed. Plaintiff's "objections" were obviously untimely and the court did not issue a separate order regarding the "objections" because it had decided to allow the case to move forward with respect to plaintiff's proposed second amended complaint. The case, in fact, has continued to move forward. Since June 18, 2007, the case has been assigned to

Chief Magistrate Judge Humphreys for pretrial handling (Doc. 60). It is noteworthy that since December 11, 2006, when plaintiff belatedly submitted his proposed second amended complaint, there have been 53 additional docket entries.

By its order of August 10, 2007 (Doc. 74), this court referred two matters to Chief Magistrate Judge Karen Humphreys for a Report and Recommendation. As Chief Judge Humphreys pointed out in her R&R, plaintiff continues to disagree with this court's determination that plaintiff's 40-plus page first amended complaint failed to comply with the requirements of Fed. R. Civ. P. 8. Chief Magistrate Judge Humphreys has recommended that plaintiff's "objections," which she treated as a motion to reconsider, should be denied and that plaintiff's "motion to expedite decision" (Doc. 61) should be considered moot.

The standard of review of a magistrate judge's report and recommendation is well known: the district court is required to defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law. Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006). Plaintiff has made no effort to make the required showing under that standard. Instead, he persists with his complaint about this court's disallowance of his 40-plus page proposed first amended complaint. Plaintiff continues to assert, in substance, that Fed. R. Civ. P. 8 allowed him to file anything he wished without oversight of the court. Plaintiff is admonished to consult Fed. R. Civ. P. 1. This case will proceed to its ultimate conclusion, whatever that may be, on plaintiff's second amended complaint.

This case is again returned to Chief Magistrate Judge Humphreys

for continued pretrial handling, including a pretrial conference and preparation of a pretrial order. In this regard, the court notes plaintiff's September 24 letter to defendant's counsel (Doc. 87) regarding expert witnesses plaintiff intends to call. Plaintiff should be aware, if he is not already aware, that if this case goes to trial, the trial will be held in Wichita. Plaintiff will have to bear his own expenses in connection with his travel to, and stay in, Wichita. The court has no idea what the testimony of the designated experts may be or how their testimony will be relevant to plaintiff's claims. Nevertheless, plaintiff must understand that he will be responsible for complying with all rules regarding expert opinions as well as for securing the attendance of all witnesses, expert or otherwise, at trial, including all reasonable expenses in connection therewith. Plaintiff's *in forma pauperis* status merely exempts him from paying the filing fee. Plaintiff will be responsible for all other expenses in connection with his continued prosecution of this case, whatever they may be.

Finally, if plaintiff is dissatisfied with the progress of this case, he should bear in mind that tardy filings, requests for more time and unmeritorious objections will end up adding to the time it takes to bring the case to a conclusion.

In conclusion, plaintiff's response/objections (Doc. 85) are overruled.

IT IS SO ORDERED.

Dated this __10th__ day of October 2007, at Wichita, Kansas.

s/ Monti Belot

```
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE
```

-4-