IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JERRY WAYNE SMITH,                    )
                                      )
                    Plaintiff,        )        **CIVIL ACTION**
                                      )
v.                                    )        No.  05-3447-MLB
                                      )
DAVID R. McKUNE, et al.,              )
                                      )
                    Defendants.       )
_____)

<u>**MEMORANDUM AND ORDER**</u>

     This case comes before the court on defendants' motion for judgment on the pleadings.[1]   (Docs. 70, 94).  Plaintiff contends in his amended complaint that defendants violated his constitutional rights and committed negligence and gross negligence by failing to "convert" his state prison sentences.  Defendants assert that they are entitled to qualified immunity.  The motion has been fully briefed and is ripe for decision.  (Docs. 71, 83).  Defendants' motion is denied for reasons herein.

I.   **Background**[2]

     In 1993, while on parole for a felony offense committed in

---

     [1] The amended complaint states a total of eight claims. Plaintiff claims that defendants violated his Fifth, Eighth and Fourteenth Amendment rights by failing to convert his indeterminate sentence to a determinate sentence in accordance with Kansas law. Plaintiff also asserts that defendants violated the Religious Land Use and Institutionalized Persons Act, the Americans with Disabilities Act and the Rehabilitation Act of 1973.  It appears that defendants are only seeking judgment on plaintiff's claims regarding his sentence conversion.

     [2] A more detailed background is set out in this court's October 20, 2006, memorandum and order.  (Doc. 33).

Kansas, plaintiff committed a federal offense.  On December 26, 1993, defendant Kansas Department of Corrections (KDOC) issued a warrant to revoke plaintiff's parole.  Plaintiff was released to the custody of the KDOC on September 14, 1998, after serving his federal offense. At some point in 2001, plaintiff filed a complaint in the Sedgwick County District Court seeking to convert his sentence pursuant to K.S.A. 1993 Supp. 22-3717.  See Smith v. Kansas, No. 89,814, 2003 WL 22990165, *1 (Kan. Ct. App. Dec. 19, 2003).  Plaintiff's motion was denied.

On February 21, 2002, while incarcerated in a state facility, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Smith v. Rohling, Case No. 02-3045).  In his petition, plaintiff made reference to a "Motion to Convert Sentence Pursuant to K.S.A. 1993 Supp. 22-3717(F); D.C. of Wichita, KS. 01-C-3197; motion denied 12-11-01 - Judge Paul W. Clark."  After filing his petition, plaintiff made numerous requests to the various defendants seeking a conversion of his sentence.  (Doc. 41 at 3-11).  Those requests were denied.  On May 9, 2002, Warden McKune informed plaintiff that he was not eligible for a sentence conversion.  (Doc. 41 at 8).

In an order filed November 27, 2002, Judge Sam A. Crow of this court dismissed plaintiff's petition noting:

> Petitioner himself characterizes his claim as "only challenging to have his state indeterminate sentences to be converted to a three year determinate sentence by Kansas law."  However, it is settled that federal habeas corpus relief is not available to correct errors of state law. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Petitioner's request concerns the proper application of state sentencing law, and thus, he does not state a claim for federal habeas

corpus relief.

(Doc. 12).  Plaintiff sought a rehearing of Judge Crow's order (Doc. 14) which Judge Crow denied in an order filed August 13, 2003 (Doc. 18).  Plaintiff did not appeal.

In the meantime, plaintiff appealed Judge Clark's ruling.  In a memorandum opinion filed December 19, 2003, the Kansas Court of Appeals held as follows:

> While the legislative intent behind the provision, arguably, was to convert Kansas indeterminate sentences to conform with the new determinate sentencing scheme, the plain language of the statute does not restrict conversions of Kansas indeterminate sentences to violations of parole or conditional release by the commission of a Kansas crime. As such, the movant's commission of a federal offense after July 1, 1993, but prior to March 24, 1994, would qualify under the statute.
>
> A statute must be given its plain meaning whenever possible, and a court should not so read a statute to include matters not readily found therein or to exclude matters that have clearly been included. See GT, Kansas, L.L.C. v. Riley County Register of Deeds, 271 Kan. 311, 316, 22 P.3d 600 (2001). Moreover, if the statute presents any ambiguity concerning what type of new offense is included, the ambiguity must be construed in favor of the criminal defendant. See State v. McGill, 271 Kan. 150, 154, 22 P.3d 597 (2001).
>
> As a result, the district court improvidently dismissed the movant's action without first holding an evidentiary hearing to ascertain the merits of the movant's claim. The failure to hold an evidentiary hearing was not harmless error because the record does not conclusively demonstrate the movant was not entitled to relief. K.S.A. 60-1507(b).
>
> Reversed and remanded for an evidentiary hearing.

Smith, 2003 WL 22990165, *2.

Following remand, in an order dated April 13, 2004, Judge Clark directed that plaintiff's sentences be converted to 36 months.  On April 15, 2004, the Kansas Parole Board issued an order terminating

plaintiff's post-relief supervision and restored his civil rights.

Plaintiff filed this action on November 25, 2005. He alleged in substance that defendants' failure to convert his sentences was a denial of his constitutional rights and, in addition, constituted negligence and gross negligence. Defendants assert that they are entitled to qualified immunity since plaintiff has failed to allege that their conduct violated clearly established law.

## II.  Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and  the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

### III. Analysis

Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983. That statute renders liable any person who "under color of [law] . . . subjects, or causes to be subjected, . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Section 1983 was enacted to provide protections to those persons wronged by the misuse of power. While the statute itself creates no substantive civil rights, it does provide an avenue through which civil rights can be redeemed. See Wilson v. Meeks, 52 F.3d 1547, 1552 (10th Cir. 1995) ("Section 1983 creates no substantive civil rights, only a procedural mechanism for enforcing them.").

"Although summary judgment provides the typical vehicle for asserting a qualified immunity defense, [the court] will also review this defense on a motion to dismiss" but will "not dismiss a complaint 'for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Peterson v. Jensen, 371 F.3d 1199, 1201-02, (10th Cir. 2004) (quoting Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001)). In the past, the Tenth Circuit has required a plaintiff to meet a heightened pleading standard upon a defendant's assertion of qualified immunity. Currier, 242 F.3d at 911. The Tenth Circuit in Currier held, however, that this heightened pleading requirement does not survive the Supreme Court's opinion in Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Id. at 916.

The framework for reviewing a qualified immunity defense is well

settled.  The first step is to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 841 n.5 (1998).  In other words, the court must determine "whether plaintiff's allegations, <u>if true</u>, establish a constitutional violation." <u>Hope v. Pelzer</u>, 536 U.S. 730, 736 (2002).

"Only after determining that [the plaintiff] has alleged a deprivation of a constitutional right, does this court ask whether the right allegedly violated was clearly established at the time of the conduct at issue." <u>Baptiste v. J.C. Penney Co.</u>, 147 F.3d 1252, 1255 n.6 (10th Cir. 1998).  "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether 'the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" <u>Medina v. Cram</u>, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting <u>Wilson v. Layne</u>, 526 U.S. 603, 615 (1999)).  This standard, however, must be used in a particularized manner[3] because "[o]n a very general level, all constitutional rights are clearly established." <u>Horstkoetter v. Department of Public Safety</u>, 159 F.3d 1265, 1278 (10th Cir. 1998).

An individual has a right to be free from confinement after completing his or her prison sentence. <u>Davis v. Hall</u>, 375 F.3d 703,

---

[3]     The Tenth Circuit "has held that for a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." <u>Wilson v. Meeks</u>, 52 F.3d 1547, 1552 (10th Cir. 1995); <u>see also</u> <u>Cruz v. City of Laramie</u>, 239 F.3d 1183, 1187 (10th Cir. 2001); <u>Horstkoetter v. Department of Public Safety</u>, 159 F.3d 1265, 1278 (10th Cir. 1998).

714 (8th Cir. 2004).  Plaintiff was not released on the date that his
sentence should have been converted pursuant to K.S.A. 1993 Supp. 22-
3717.  Accordingly, the court finds that plaintiff has sufficiently
alleged that his constitutional right to be free from confinement has
been violated.

Next, when determining whether the right to be free from
confinement was clearly established at the time of the alleged
violation, the analysis becomes more focused on the specific conduct
alleged to have violated plaintiffs' rights.  Saucier v. Katz, 533
U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001).  To
satisfy his burden, plaintiff "need not present an identical case to
show the law was clearly established; instead, a plaintiff must show
only that the contours of the right [are] sufficiently clear that a
reasonable official would understand that what he is doing violates
that right."  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d
1226, 1241 (10th Cir. 1999) (alterations in original) (citations and
internal quotation marks omitted).  The Tenth Circuit "require[s]
'some but not precise factual correspondence' between the cases cited
and the factual situation in the case at hand."  Horstkoetter v. Dep't
of Pub. Safety, 159 F.3d 1265, 1278 (10th Cir. 1998) (quoting
Lawmaster v. Ward, 125 F.3d 1341, 1351 (10th Cir. 1997)).  Also, the
words of a statute "may be specific enough to establish clearly the
law applicable to particular conduct and circumstances and to overcome
qualified immunity, even in the total absence of case law."  Vinyard
v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002).

In order to show that his right to be free from confinement was
clearly established, plaintiff claims that K.S.A. 1993 Supp. 22-3717

put defendants on notice that their conduct was unconstitutional.  The pertinent statute states as follows:

> "(f) If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinative sentence and will run consecutive to the new sentence as follows: . . .

> "(2) 36 months for class A or B felonies or the conditional release date whichever is shorter."

K.S.A. 1993 Supp. 22-3717.

There are at least two problems with defendants' assertion. Defendants argue that when plaintiff "petitioned" for sentence conversion and/or when his petition was denied (presumably in May 2002), K.S.A. 22-3717 was "ambiguous."  Therefore, defendants say, plaintiff's right to a converted sentence was not clearly established and and they are entitled to qualified immunity.  Defendants cite the Martinez report (Doc. 8) but it contains no information regarding the reasons, if any, why plaintiff's "petition" was denied.[4]  The court cannot assume a reason for the decision.  That is the first problem.

The second, of course, is the Kansas Court of Appeals' later rejection of the ambiguity argument.  See infra at **3.**  While this language does not demonstrate that it was clearly established in 2002 that "crime" also meant a federal crime, the record is silent regarding whether K.S.A. 22-3717 was considered when plaintiff's "petition" was denied.  Thus, at this stage of the case, there is an insufficient basis to grant defendants' motion on the basis of

---

[4] Defendants' citation to the Martinez report is somewhat confusing.  They refer to numerical exhibits supposedly attached to the report but the exhibits in the court file are designated by letter.

-8-

qualified immunity.  That is the second problem.  It may, or may not, be that these problems can be overcome by a properly-supported motion for summary judgment.

## IV.  CONCLUSION

Defendants' motion for judgment on the pleadings is denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.


IT IS SO ORDERED.

Dated this  26th  day of November 2007, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE