IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
JERRY WAYNE SMITH,              )
                                )
                    Plaintiff,  )    CIVIL ACTION
                                )
v.                              )    No.  05-3447-MLB
                                )
DAVID R. McKUNE, et al.,        )
                                )
                    Defendants. )
                                )
```

## MEMORANDUM AND ORDER

Before the court are the following:

1.  Kansas Department of Corrections' motion to dismiss filed November 15, 2007 (Doc. 100);

2.  Plaintiff's motion for extension of time to respond until December 28, 2007 (Doc. 106);

3.  Minute order granting plaintiff's motion to respond until December 28, 2007 with the notation that no further extensions will be granted (Doc. 107); and

4.  Plaintiff's response filed January 9, 2008 (Doc. 105).

The Kansas Department of Corrections' motion to dismiss is short and to the point: It is a state agency which lacks the capacity to be sued in an individual capacity and since plaintiff's complaint seeks only compensatory damages, plaintiff's case is barred by Eleventh Amendment immunity.

In his prolix and untimely response, plaintiff concedes that he is not entitled to money damages from the Department of Corrections ("Smith concedes that he inadvertently omitted addressing this point specifically when requesting relief to be provided to Smith") and now requests this court to use its "inherent power" to grant him some sort of unspecified injunctive relief or, in the alternative, to allow him

to amend to seek such relief.

Defendant's motion is granted for two reasons: first, plaintiff's response is untimely. This has been an ongoing problem in this case, as noted in some detail in the court's Memorandum and Order of October 10, 2007 (Doc. 90). On numerous occasions, plaintiff has been admonished that his pro se status does not relieve him of his obligations to comply with the Federal Rules of Civil Procedure, this court's rules and this court's orders. Plaintiff essentially has ignored these admonitions and the court's patience is exhausted.

Second, even if the court elected to consider plaintiff's response, it would nevertheless grant defendant's motion. There is no question that the Department of Corrections is a state agency entitled to Eleventh Amendment immunity from claims for damages. This case has been on file since November 25, 2005 and the docket entries now exceed 100. Plaintiff's request to correct his mistakes after they are pointed out to him comes too little and too late.

Chief Magistrate Judge Humphreys entered a first revised scheduling order on November 16, 2007 (Doc. 101). The dates set forth in that scheduling order are final and will not be changed by requests from the parties. In particular, the proposed pretrial order is due on February 25, 2008. Plaintiff must cooperate fully with defendants' counsel in the preparation of the pretrial order. (The court's standard pretrial order form is attached for plaintiff's use. See also Local Rule 16.2 pertaining to the final pretrial conference.) The final pretrial conference will be held in Wichita on March 3, 2008 at 1:30 p.m. before the undersigned judge. Plaintiff and defense counsel must appear in person at the pretrial conference. Failure by

plaintiff to appear in person will result in a dismissal of this case, with prejudice.

Defendant Kansas Department of Corrections' motion to dismiss (Doc. 100) is granted.

IT IS SO ORDERED.

Dated this  16th   day of January 2008, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE