## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

JERRY WAYNE SMITH,                    )
                                      )
                    Plaintiff,        )    **CIVIL ACTION**
                                      )
v.                                    )    No.  05-3447-MLB
                                      )
DAVID R. McKUNE, et al.,              )
                                      )
                    Defendants.       )
_____  )

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to certify plaintiff's appeal as frivolous (Doc. 136) and plaintiff's motions for entry of an order pursuant to Fed. R. Civ. P. 54(b) (Docs. 133, 135, 140). Defendants' motion is granted and plaintiff's motions are denied for the reasons stated more fully herein.

**I.    Facts and Procedural History**

In 1993, while on parole for a felony offense committed in Kansas, plaintiff committed a federal offense. On December 26, 1993, defendant Kansas Department of Corrections (KDOC) issued a warrant to revoke plaintiff's parole. Plaintiff was released to the custody of the KDOC on September 14, 1998, after serving his federal offense. At some point in 2001, plaintiff filed a complaint in the Sedgwick County District Court seeking to convert his sentence pursuant to K.S.A. 1993 Supp. 22-3717. See Smith v. Kansas, No. 89,814, 2003 WL 22990165, *1 (Kan. Ct. App. Dec. 19, 2003). Plaintiff's motion was denied. That decision was ultimately reversed. Id.

Plaintiff filed this action on November 25, 2005. He alleged in substance that defendants' failure to convert his sentences was a

denial of numerous federal and state constitutional rights and, in addition, constituted negligence and gross negligence.

On October 20, 2006, this court denied plaintiff's motion to amend his complaint. (Doc. 33). Plaintiff moved for reconsideration of that order on December 11, 2006. The court referred plaintiff's motion to Chief Magistrate Judge Humphreys. On August 27, 2007, Chief Magistrate Judge Humphreys recommended that plaintiff's motion to reconsider be denied. (Doc. 79). Plaintiff objected to the report and recommendation. (Doc. 85). On October 10, 2007, this court overruled plaintiff's objections to the report and recommendation. (Doc. 90). On November 15, 2007, defendant Kansas Department of Corrections filed a motion to dismiss. (Doc. 100). The court granted that motion on January 17, 2008. (Doc. 117).

On January 31, 2008, plaintiff filed a notice of interlocutory appeal as to the court's order overruling plaintiff's objections to Chief Magistrate Judge Humphreys' report and recommendation and dismissing the Kansas Department of Corrections. (Doc. 121). On February 7, 2008, the Tenth Circuit entered an order which states, in pertinent part:

> Plaintiff has appealed from the district court's Memorandum and Order entered on January 17, 2008 which dismissed only plaintiff's claims against defendant Kansas Department of Corrections. Plaintiffs' claims against other defendants remain pending. No certification under Rule 54(b) has been issued by the district court.

> Therefore, within 30 days of the date of this order, plaintiff and the defendants shall serve and file in this court a certified copy of a district court order either granting proper certification under Rule 54(b) or adjudicating the remaining claims.

* * *

-2-

> Plaintiff's failure to respond to this order with 30 days may result in dismissal of this appeal without further notice.

(Doc. 129).

On February 14, 2008, plaintiff filed two "Request[s] for Order for Final Judgment" (Docs. 133, 135). Also on February 14, plaintiff filed an amended notice (Doc. 134) purporting to appeal from this court's Memorandum and Order of February 5, 2008 denying, inter alia, plaintiff's motion for an order mandating prepayment of travel expenses to attend his deposition noticed by defendants (Doc. 126). On February 25, 2008, plaintiff filed a third motion for final judgment (Doc. 140). In his motions, plaintiff requests that this court certify all orders as final orders pursuant to Fed. R. Civ. P. 54(b). The Tenth Circuit has not yet acknowledged receipt of the amended notice of appeal.

On March 5, this court held a hearing at which plaintiff appeared in person. The hearing followed an order dated February 26, 2008 (Doc. 141). The hearing lasted approximately 90 minutes and plaintiff was given an adequate opportunity to present any authority or argument which he, as a "private attorney general" of some 30 years duration, considered relevant.

## II.  Analysis

Ordinarily, the filing of a notice of appeal confers jurisdiction upon the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal . Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Because this divestiture of jurisdiction is subject to abuse and can unreasonably delay the progress of the case, the Tenth Circuit

established a procedure by which a district court may maintain jurisdiction over a case if the court certifies that the party's appeal is frivolous. See United States v. Hines, 689 F.2d 934, 937 (10th Cir. 1982). Once a district court certifies an appeal as frivolous, and thereby regains jurisdiction, both the district court and court of appeals have jurisdiction to proceed. Id.

### A.   Appeal of Order Denying Motion to Amend (Doc. 90)

First, plaintiff has attempted to appeal this court's order in which it essentially denied plaintiff's motion to amend his complaint. Plaintiff asserts that it is a final appealable order because it prevents him from bringing numerous claims against many additional defendants. Plaintiff's notice of appeal was untimely. The order was filed on October 10, 2007. Plaintiff did not appeal that order until January 31, 2008, more than the thirty days allowed by Fed. R. App. P. 4(a)(1). A timely appeal is an "absolute prerequisite" to appellate jurisdiction. Utah Women's Clinic, Inc. v. Leavitt, 75 F.3d 564, 566-67 (10th Cir. 1996). The rule applies equally to interlocutory appeals. ERB v. Alliance Capital Mgmt, L.P., 423 F.3d 647, 650 (7th Cir. 2005); Kenyatta v. Moore, 744 F.3d 1179, 1186-87 (5th Cir. 1984.)

Because plaintiff's appeal was untimely, the Tenth Circuit cannot retain jurisdiction over that appeal. Accordingly, the court finds that plaintiff's appeal of the court's order overruling plaintiff's objections to Chief Magistrate Judge Humphreys' report and recommendation is frivolous.

### B.   Appeal of Order Dismissing a Party (Doc. 117)

Second, plaintiff has attempted to appeal this court's order

-4-

dismissing the Kansas Department of Corrections.  Plaintiff asserts that this is a final appealable order because it has ended the litigation as to that defendant.  An order is not a final appealable decision under 28 U.S.C. § 1291 unless it terminates <u>all matters</u> as to <u>all parties</u> and causes of action.  <u>Utah v. Norton</u>, 396 F.3d 1281, 1287 (10th Cir. 2005).  In this case, there are remaining defendants.

When an order is not final it is only appealable under the collateral order doctrine.  The doctrine allows an interlocutory appeal when an order: "(1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment."  <u>Yousef v. Reno</u>, 254 F.3d 1214, 1217 -18 (10th Cir. 2001).  The dismissal of the Kansas Department of Corrections is reviewable upon entry of final judgment as to all claims and all parties.  Therefore, the collateral order doctrine clearly does not apply when a single party has been dismissed from the action unless this court makes an express determination pursuant to Fed. R. Civ. P. 54(b).  The court has considered the factors mentioned in <u>Stockman's Water Co. LLC v. Vaca Partners, LP</u>, 425 F.3d 1263, 1265 (10th Cir. 2005).  The dismissal of the Department of Corrections is not final for the reasons previously stated.  The court cannot find that no just reason for delay of entry of its judgment exists.  Plaintiff has not identified any justification for a Rule 54(b) certification and an interlocutory appeal will delay the ultimate resolution of this already protracted case.

Therefore, the court finds that plaintiff's appeal of this court's order dismissing the Kansas Department of Corrections is

frivolous.

**C.   Appeal of Order Denying Plaintiff's Order for Payment of Expenses (Doc. 126)**

On January 31, 2008, plaintiff filed a motion requesting an order requiring defendants to pay plaintiff's travel expenses to his, plaintiff's, deposition.  (Doc. 122).  The court denied that motion. (Doc. 126).  An order denying travel expenses is not a final appealable order.  Clearly, the order has not resolved any issue in this case.  Moreover, there is no basis in law for plaintiff's request.  At the March 5 hearing, plaintiff's only argument was that because he has been permitted to proceed in forma pauperis, the court should have ordered defendants to advance his expenses as a matter of "equity."  This argument is preposterous, but it does serve to point out how plaintiff's failure to acknowledge the lack of merit of his position has frustrated the orderly progress of this case.

Again, the court finds plaintiff's appeal of this order frivolous.

**III. Conclusion**

Plaintiff's attempts at interlocutory appeals have caused unnecessary delay to a case that was filed more than two and one-half years ago.  There is no basis in law or fact for the court to certify its orders as final pursuant to Fed. R. Civ. P. 54(b).  Therefore, the court finds that plaintiff's appeals from these orders are frivolous.

Defendants' motion (Doc. 136) is accordingly granted and plaintiff's motions (Docs. 133, 135, 140) are denied.

A copy of this order shall be forwarded to Christine Van Coney, Counsel to the Clerk of the Tenth Circuit.

-6-

IT IS SO ORDERED.

Dated this  6th  day of March 2008, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE