IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
JERRY WAYNE SMITH,              )
                                )
                 Plaintiff,     )   CIVIL ACTION
                                )
v.                              )   No.  05-3447-MLB
                                )
DAVID R. MCKUNE, et al.,        )
                                )
                 Defendants.    )
                                )
```

**MEMORANDUM AND ORDER OF DISMISSAL WITH PREJUDICE**

Before the court are the following:

1. Defendants' motion to impose sanctions (Doc. 132);

2. Defendants' notices to take plaintiff's deposition on May 20, and August 18, 2008 (Docs. 147, 164);

3. Defendants' second motion to impose sanctions (Docs. 150, 151);

4. Plaintiff's request for extension of time (Doc. 153);

5. Order of July 18, 2008 (Doc. 163); and

6. Plaintiff's letter of July 29, 2008 (Doc. 165).

Background

The long and tortured history of this case is reflected in the court file, which now spans three volumes. An accurate procedural history as of February 2008 is chronicled in defendants' memorandum in support of their motion to impose sanctions (Doc. 132). Since that time, plaintiff has unsuccessfully pursued a time-wasting appeal to the Tenth Circuit (see this court's order of February 26, 2008 and the Tenth Circuit's order of March 14, 2008, Docs. 141, 144). Plaintiff failed to appear on May 20, 2008 for his deposition, which prompted

defendants' second motion to impose sanctions. By order of July 18, 2008, the court reluctantly granted plaintiff's motion for additional time to respond to defendants' motion to impose sanctions and, in addition, directed that defendants re-notice plaintiff's deposition to be taken at the U.S. Courthouse in Wichita, Kansas. The order expressly stated "If plaintiff fails to appear for and fully participate in his deposition on the date and time noticed, this case will be dismissed, with prejudice." (Doc. 163). By letter of July 29, 2008, plaintiff acknowledged receipt of the court's July 18 order and claimed that he was hospitalized. (Doc. 165). Plaintiff's deposition was noticed for August 18 at 9:30 a.m. On August 8, plaintiff left a voice mail with defendants' counsel stating that he would appear for his deposition but as of noon, August 18, plaintiff had not appeared and had not been in contact with defendants' counsel. (Doc. 166).

<u>Discussion</u>

The law pertaining to situations such as the one present in this case is accurately set forth in defendants' original motion to impose sanctions. (Doc. 132). Defendants have cited and discussed the factors set forth in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 918 (10th Cir. 1992) and the court agrees with defendants' analysis of the factors as they apply in this case. It is significant that since defendants filed their original motion for sanctions, plaintiff has twice failed to appear for a scheduled deposition which is a very significant part of defendants' right to discover the basis, if any, of plaintiff's case. Plaintiff was specifically warned by this court that if he failed to appear for his second scheduled deposition that

his case will be dismissed, with prejudice. Plaintiff had been warned by the court on at least one previous occasion that dismissal is a sanction for his failure to comply with court orders and other deadlines. (Doc. 55).

The court is aware of plaintiff's claims of illness and other excuses such as equipment failure. The court has accepted these claims albeit with reservation and skepticism because plaintiff's problems, whether real, manufactured or imagined, have not prevented him from filling the file with prolix pleadings, submissions, correspondence and exhibits. After almost three years, it is apparent that plaintiff, for whatever reason, will not follow the rules unless they suit his schedule and his one-sided view regarding how the case should proceed. Obviously, plaintiff cannot be allowed to frustrate defendants' legitimate rights to discovery by refusal to participate. As the court observed in an earlier order, the liberal treatment which the appellate courts require district courts to afford a pro se plaintiff must, at some point, give way to fairness to defendants.[1] (Doc. 51). That point has been reached.

Pursuant to Ehrenhaus v. Reynolds, the court finds that defendants have been prejudiced by plaintiff's persistent failure to prosecute this case in an orderly and timely fashion and to comply

---

[1] Recently, and for the first time in this protracted case, plaintiff requested appointment of counsel. (Doc. 165). On previous occasions, including appearances before Chief U.S. Magistrate Judge Karen Humphreys and this court, plaintiff has insisted that he is competent to pursue the case pro se. Even if this case had not reached its present stage, the court would not consider appointment of counsel because plaintiff's request does not meet the standards set forth in Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992).

with orders of this court. Defendants will continue to be prejudiced by plaintiff's conduct.  Plaintiff has not merely interfered with the judicial process; he has continually obstructed and manipulated it and there is no reason to believe that his conduct will cease.  Plaintiff is fully culpable for the failure of this case to move forward.  The court previously has warned plaintiff regarding dismissal. (Doc. 55). Finally, lesser sanctions are not just lacking in efficacy.  Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed <u>in forma</u> pauperis and the sanctions set out in Fed. R. Civ. P. 37 will not substitute for plaintiff's failure to appear – twice – for his deposition.

### Conclusion

Accordingly, defendants' motions for sanctions are granted. This case is dismissed, with prejudice.  The clerk is directed to enter judgment pursuant to Rule 58.

IT IS SO ORDERED.

Dated this <u>  20th  </u> day of August 2008, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE